_____ FILED     _____ ENTERED
_____ LODGED    _____ RECEIVED

**OCT 2 4 2006**   DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| [SEAL] ,<br><br>                 Plaintiffs,<br><br>[SEAL] ,<br><br>                 Defendants. | CIVIL ACTION NO.<br><br>**CV06-1531** MJP<br><br>**FILED IN CAMERA, UNDER SEAL UNTIL FURTHER ORDER OF THE COURT, 31 U.S.C. § § 3730(B)(2)**<br><br>**COMPLAINT UNDER THE FALSE CLAIM ACT, 31 U.S.C. § 3729-33** |

06-CV-01531-CMP

1

> FILED IN CAMERA, UNDER SEAL UNTIL
> FURTHER ORDER OF THE COURT,
> 31 U.S.C. §§ 3730(B)(2)

2

3 RAJU A.T. DAHLSTROM
Plaintiff-Relator / Acting in Proper Person

4 1411 Eaglemont Place
Mount Vernon, Washington 98274-9619

5 Telephone: (360) 899-5555
Facsimile: (360) 899-5040

6 Electronic Mail: rajudahlstrom@comcast.net

7

\_\_\_\_\_ FILED          \_\_\_\_\_ ENTERED
\_\_\_\_\_ LODGED         \_\_\_\_\_ RECEIVED

OCT 2 4 2006   DB

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

8

9 UNITED STATES OF AMERICA, on the
relationship of RAJU A.T.

10 DAHLSTROM, and RAJU A.T.
DAHLSTROM, individually,

11

12          Plaintiffs,

13 WALDEN UNIVERSITY, INC.,
LAUREATE EDUCATION, INC., are

14 Maryland corporations; and DOES 1-10;
inclusive,

15

16          Defendants.

CIVIL ACTION NO. **CV06-1531** MJP

FILED IN CAMERA, UNDER SEAL
UNTIL FURTHER ORDER OF THE
COURT. 31 U.S.C. § § 3730(B)(2)

Complaint under the False Claims Act,
31 U.S.C. § 3729-33

DEMAND FOR TRIAL BY JURY

17          **"Is Your College a Lemon?"**
"Spellings wants families to get their money's worth."

18

19 Quoted from Barbara Kantrowitz's education article in, Newsweek
(ISBN 0028-9604), October 9, 2006, Volume CXLVIII, No. 15, page.

20 • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

21          **"Let the buyer beware situation"**.

22 Statement by Sanford L. Kravitz, PhD., regarding

23 Walden University's program.
Professor and Faculty Mentor of Walden University, 1997-2000

24 Tuesday, September 26, 2006
(Electronic Mail message)

25

26

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 1 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

# I. INTRODUCTION

1.     Plaintiff/Relator files this *qui tam* action, pro se. on behalf of the United States government and himself, seeking declaratory, injunctive, and monetary relief, and to recover treble damages and civil penalties, and to also recover all available damages and other monetary relief under the common law or equitable theories of fraud, unjust enrichment, payment under mistake of fact, recoupment of overpayments, disgorgement of illegal profits, and restitution under the False Claims Act ("FCA"). 31 U.S.C. §§ 3729-3733.

2.     Upon information and belief, Defendants are signatories to the Program Participation Agreement ("PPA") with the *Secretary* of the United States Department of Education. ("DOE"). The execution of this Agreement by the Defendants and the Secretary is a prerequisite to the Defendants' initial or continued participation in those financial assistance programs authorized by Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070 et seq. ("Title IV, HEA Programs"). These programs are administered by the office of Student Financial Assistance Programs ("SFAP") of the United States Department of Education.

3.     The Program Participation Agreement also contain general terms and conditions involving the Defendants agreement to comply with Title VI of the Civil Rights Act of 1964, as amended, and the implementing regulations, 34 CFR Parts 100 and 101 (baring discrimination on the basis of race, color or national origin).

4.     These FCA claims are based upon defendants' false and fraudulent claims and false statements made (or knowingly made false promises to comply with the rules, policies, or regulations promulgated by the PPA) or caused to be made in connection to accessing Title IV, HEA Program -- federal funds, from on or around June 1, 1997, continually through the present.

5.     Upon information and belief, Defendants have committed the following violations of Title IV, HEA program regulations:

- **Compensation Ban:** Failing to adhere to the incentive compensation ban, pursuant to 20 U.S.C. § 1094(a)(20);

- **Institutional Refunds:** Failing to make refunds, and/or timely refunds of Federal Family Educational Loan (FFEL) includes the Stafford Loan (formerly, Guaranteed Student Loan (GSL)) and the Supplemental Loan for Students

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 2 of 21

**RAJU A.T. DAHLSTROM**
**1411 Eaglemont Place**
**Mount Vernon, Washington 98274-9619**
**Telephone: (360) 899-5555**
**Facsimile: (360) 899-5040**

1  (SLS) Programs. pursuant to 20 U.S.C. 1071 et seq; 34
2  CFR Part 682;

3  ▪ **Financial Responsibility:** Failing to maintain financial
   responsibility, pursuant to 34 CFR 34 CFR § 668.13;

4
5  ▪ **Satisfactory Academic Progress:** Failing to comply with
   the Satisfactory Academic Progress (SAP), 20 U.S.C. §
6  1091(a)(2) and 34 CFR § 668.7(a)(5);

7  ▪ **Violations of Title VI:** Failing to comply with Title VI of
   the Civil Rights Act of 1964, as amended, 42 U.S.C. §
8  2000d et seq., and 34 CFR Parts 100 and 101;

9  ▪ **Safe Harbor Statements:** Failing to provide truthful
   statements. financial statements pursuant to Private
10  Securities Litigation Reform Act of 1995. Pub. L. No. 104-
11  67. 109 Stat. 737 (1995).

12
13  ## II.    JURISDICTION AND VENUE

14  6.    This Court has subject matter jurisdiction pursuant to the following statutes:

15  (a) 28 U.S.C. § 1331:  This action arises under the laws of the
    United States, specifically 31 U.S.C. §§ 3729-3732
16  relating to false claims against the government.
17  (b) 28 U.S.C. § 1345:  This action is brought in the name of
    and for the benefit of the United States of America as
18  plaintiff.
19  (c) 31 U.S.C. § 3732(a): Jurisdiction for civil actions under 31
    U.S.C. § 3730 is specifically conferred upon the district
20  courts of the United States.

21  7.    This Court has proper venue pursuant to the following statutes:

22
23  (a) 28 U.S.C. § 1391(b):  Defendants are all corporations
    transacting business in the Western District of Washington
24  and are subject to its personal jurisdiction.  Also, the
    events or omissions herein occurred in the Western
25  District of Washington.

26

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 3 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

(b) 28 U.S.C. § 1395(a): This is a civil proceeding for
recovery of a fine, penalty or forfeiture. The relevant
events or omissions herein occurred in the Western
District of Washington and defendants are subject to
personal jurisdiction in this district.

(c) 31 U.S.C. § 3732(a): The acts proscribed by 31 U.S.C. §
3729 occurred in the Western District of Washington and
defendants transact business there.

## III.    ADMINISTRATIVE REQUISITES

8.    **Qui Tam Standing:** Plaintiff/Relator Dahlstrom is a "person" and has standing
to bring this qui tam claim on behalf of the United States and himself. See: Vermont Agency
of Natural Resources v. United States ex rel. Stevens. 529 U.S. 765, 778, 120 S. Ct. 1858,
1865 (2000)("a qui tam relator under the FCA has Article III standing.").

9.    **Original Source:** Plaintiff/Relator Dahlstrom is an "original source" of the
(some) information on which the allegations contained hereto are based, as that term is
defined in 31 U.S.C. §3730(e)(4).

10.    **Disclosure Statement:** Plaintiff/Relator Dahlstrom will simultaneously, with
the filing of this Complaint provide "Disclosure of Substantially All Material Evidence and
Information" pursuant to 31 U.S.C. § 3730(b)(2). to the United States Attorney John McKay,
United States Attorney's Office for the Western District of Washington.

11.    **Intervention by the United States Government:** Should the United States
Government elects to intervene in this action, pursuant to the False Claims Act. 31 U.S.C. §
3730(b) (4) (A). the Plaintiff/Relator Dahlstrom will provide every assistance in the
execution of this Complaint.

12.    **Declination by the United States Government:** In the alternative. should the
United States Government decline to intervene in this action, pursuant to the False Claims
Act. 31 U.S.C. § 3730(b) (4) (B). Plaintiff-Relator Dahlstrom is willing to continue the
prosecution of this Complaint on behalf of the United States Government. Plaintiff/Relator
will comply with the provisions as provided by 31 U.S.C. § 3730(c) (3).

## IV.    PARTIES

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

13.     **(Qui Tam) Plaintiff/Relator RAJU A.T. DAHLSTROM,** is a citizen of the United States of America, and is a resident of Skagit County, Washington. Mr. Dahlstrom is of Asian descent (of East Indian national origin) and, by physical appearance, is a person of color.

14.     As required under the False Claims Act, 31 U.S.C. § 3730(a)(2), Plaintiff/Relator Dahlstrom, simultaneously with the filing of this Complaint, will provide to the United States Attorney for the Western District of Washington a statement of all material evidence and information related to this Complaint. This disclosure statement supports the existence of "submission of a knowingly false or fraudulent claim for payment or approval," made by the Defendants. (False Claims Act, 31 U.S.C. § 3729(a)(1)).

15.     The **UNITED STATES OF AMERICA** is here named a plaintiff because of the United States ("federal financial aid funds) were and are awarded to the Defendants, pursuant to Title IV, HEA Programs, as a result of the false claims alleged in this Complaint.

16.     Defendant **WALDEN UNIVERSITY, INC.** is a (for profit) Maryland corporation providing online doctoral and master's degree programs in education, engineering, management, nursing, psychology, and health and human services, and bachelor's completion programs in business. Walden University is accredited by The Higher Learning Commission and a member of the North Central Association.

17.     Defendant **LAUREATE EDUCATION, INC.** is a (for profit and parent company of Walden University, Inc) Maryland corporation, headquartered in Baltimore, Maryland.

18.     With a presence in 15 countries and serving more than 226,000 students worldwide, Laureate Education, Inc. is the most profitable, rapidly growing provider of post-secondary education on an international scale.

19.     Laureate's university network includes 24 accredited institutions in Asia, Europe, and the Americas. Together, these independently branded universities offer a broad range of undergraduate, graduate, and vocational-technical programs, including business, law, education, communications, social sciences, health sciences, engineering, information technology, hospitality management, humanities and architecture.

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 5 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

20.     Laureates focus on the expanding, international market for higher education has resulted in rapid growth and increasing profits. Since it entered the higher education market in 1998, Laureate has enjoyed substantial growth with revenue growing to $876 million and operating income expanding to $160 million in 2005. (Visited on Monday, October 23, 2006, at: http://www.laureate-inc.com/alCompProfile.php.).

21.     Plaintiff/Relator Dahlstrom is unaware of the true names and capacities of the Defendants sued as Does 1 through 10. Plaintiff/Relator Dahlstrom will amend this complaint when the true names and capacities have been ascertained. Each Doe Defendant is responsible in some actionable manner for the events, occurrences, injuries and damages alleged herein.

## IV.     REQUISITES FOR RELIEF

22.     As a direct and proximate result of the conduct of defendants described above, plaintiff/relator have been denied his constitutional and statutory rights as stated below and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, discomfort, anxiety and pain.

23.     Defendants' acts were willful, wanton, malicious, oppressive and done with conscious disregard and deliberate indifference for plaintiffs' rights. Therefore, defendants' actions justify an award to plaintiffs of punitive damages in an amount to be determined at trial.

24.     Defendants' policies, practices, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to plaintiffs, including but not limited to further violations of their statutory and constitutional rights. Plaintiffs have no plain, adequate or complete remedy at law to address the wrongs described herein. Plaintiffs therefore seek injunctive relief restraining defendants from continuing to engage in and enforce the unconstitutional and illegal policies, practices, conduct and acts described herein.

25.     Defendants acted with discriminatory intent in violation of plaintiffs' legal and constitutional rights, and have directly and proximately caused Plaintiff/Relator's humiliation, mental pain and suffering. As a direct, legal and proximate result of defendants'

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 6 of 21

violations of Plaintiff/Relator's statutory, constitutional and common law rights, plaintiffs have been damaged in an amount which is not yet known. Plaintiffs will seek leave of Court to amend this complaint when ascertained, or will amend to conform to proof at time of trial.

26.     At all times herein mentioned, defendants had an obligation to comply with federal and state laws regarding racial discrimination. Defendants failed to meet these obligations with respect to Plaintiff/Relator RAJU A.T. DAHLSTROM.

## V.     False Claims Act

27.     **31 U.S.C. § 3729 et seq., False Claims**

(a) Liability for certain acts.--Any person who--

1. knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
2. knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
3. conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
4. has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;
5. authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;
6. knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or
7. knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government, is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that...

## VI. General Facts

### Part 1 – Personnel Facts

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

28.    (a) **Pre-Screening Financial Audit**: In or around early 1997, Plaintiff/Relator Dahlstrom participated in a Walden University's student recruitment process in Seattle, Washington. During this recruitment session, Plaintiff-Dahlstrom completed a *pre-screening financial audit* with Delbert D. Karnes, Jr., PhD., Associate Director of Student Recruitment (1991-2002) for Walden University.

29.    Upon successful completion of the pre-screening financial audit, Dr. Karnes encouraged Plaintiff-Relator Dahlstrom to apply to Walden University doctorate program and advised him that he would be eligible to take out federal financial student loans to pay for his doctorate degree.

30.    Further, Dr. Karnes guaranteed Plaintiff-Relator Dahlstrom that he would be admitted to Walden University and would not have any difficulty accessing federal financial aid, and also achieve his doctorate degree in three years –with minimal disruption to his professional or personal life. In addition, Dr. Karnes informed Plaintiff-Relator Dahlstrom that his previous student-loan debt (under-graduate and graduate student loans) payments could be temporarily suspended or deferred until he completed Walden University's doctorate program.

31.    (b) **Matriculation**: Plaintiff-Relator Dahlstrom was matriculated as a doctoral student in the Schools of Health and Human Services (June 1, 1997 through July 31, 1997) and Applied Management and Decision Sciences (August 1, 1998 through November 24, 1998) at Defendant Walden University, Inc.

32.    (c) **Federal Financial Aid Disbursement**: From on or around May 1997 through August 1998, Defendant Walden University, Inc. filed or cause to submit false claims, statements, or certifications in order to access federal student loans (Unsubsidized Stafford Loans 20 and 21) on behalf of Plaintiff-Relator Dahlstrom on: (a) Loan 20: Unsubsidized Stafford Loan totaling $15,533.00 were disbursed to Walden University, Inc. on 05/20/1998, 08/20/1997, and 11/19/1997: (b) Loan 21: Unsubsidized Stafford Loan totaling $16,000.00 were disbursed to Walden University, Inc. on 02/20/1998, 05/20/1998, and 08/19/1998.

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

33.    (d) **Walden University's Diploma Mill**: According to the "unofficial transcript" issued by Walden University, Plaintiff/Relator Dahlstrom completed the Core-40 Residencies (Summer Session 1997, between June 1, 1997 through August 31, 1997, and Summer Session 1998, between June 1, 1998 through August 31, 1998), but received no transferable credit or weighted by a grade-point-average. In actuality, Plaintiff/Relator Dahlstrom spent approximately 21 days in Summer Session and participated in one mandatory university-wide plenary session as described below.

34.    (e) **Frivolous and Fraudulent Academic Requirements**: On Friday, July 4, 1997, during our Nation's birthday celebrations, Plaintiff/Relator Dahlstrom was advised that he was required to participate in a mandatory University Plenary Session entitled: *The Kinsey Institute and the Study of Sexuality* presented by Stephanie A. Sanders, PhD., Associate Director, The Kinsey Institute for Research in Sex, Gender and Reproduction, Indiana University.

35.    Between June 22, 1997 through July 12, 1997, Plaintiff/Relator Dahlstrom completed the following items:

> (a) Knowledge Area Module (KAM) One
> (b) Professional Development Plan (PDP)

36.    (f) **Eating into Profits**: During Summer Session 1997, Professor and Faulty Mentor Monica H. Gordon, Ph.D., of Walden University informed Plaintiff/Relator Dahlstrom that he was eating into her profits, as Walden University does not pay for work performed during the residencies –as she has already been paid for her participation in the Summer Session. Specifically, Dr. Gordon reiterated to Plaintiff/Relator Dahlstrom he had one year to complete the Knowledge Area Module 1, despite his having already completed the entire KAM I lesson during the Summer Session 1997.

37.    (g) **Enroll in Community College**: During Summer Session 1997 (and continuing in Summer Session 1998), Sanford L. Kravitz, Ph.D., Professor and Faulty Mentor of Walden University informed Plaintiff/Relator Dahlstrom that he should enroll in a writing course at a community college –prior to undertaking doctoral work. In 2002, Dr. Kravitz once-again advised Plaintiff/Relator Dahlstrom of the futility in attempting to secure

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 9 of 21

1  a doctorate degree from Walden University. Dr. Kravitz concluded his 2002 remarks to
2  Plaintiff/Relator Dahlstrom that he and other professors had lodged a complaint with Walden
3  University administrators regarding their duplicitous student recruiting practices.
   Specifically, Dr. Kravitz advised Plaintiff/Relator Dahlstrom that should have never been
4  admitted to undertake doctoral work at Walden University --until he was able to write at a
5  level commensurate with doctoral level standards.

6       38.     Further. Dr. Kravitz advised (and implied) that Walden University accepted
7  higher percentages of minority students and students with Limited English Proficiency (LEP)
   as a means to bolster their enrollment numbers --despite having knowledge that this conduct
8  was not only damaging to students such as Plaintiff/Relator Dahlstrom, but also to other
9  minority students and LEP students alike.

10      39.     Dr. Kravitz concluded that he had become increasingly disillusioned by
11 Walden University's cavalier attitude about their exploitation of students --especially against
12 those who had no independent financial means of supporting their academic career --without
   the assistance of the United States Government.
13
        40.     Between June 1, 1997 through November 24, 1998, Plaintiff/Relator
14 Dahlstrom completed the below listed items:

15
16          (a) Knowledge Area Module 1
            (b) Professional Development Plan
17          (c) Walden Information Network
            (d) Learning Agreement
18          (e) 40-credit Core Residencies

19
        41.     (h) **Failure to Pay Refund**: During Summer Session 1998, Kate Kok,
20 Academic Counselor and Advisor of Walden University, Inc. advised Plaintiff/Relator
21 Dahlstrom that he should time his withdrawal from Walden University, Inc. close to the end
22 of the academic quarter in November 1998, so that Walden University would not have to pay
   the required refund.
23
        42.     (i) **Plaintiff/Relator Academic Debt Obligation**: As of Thursday, October 19,
24 2006, Plaintiff-Relator Dahlstrom present debt obligation includes: (a) principal balance of:
25
26

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

$76,818.80. (b) estimated Interest to be paid: $77,995.58. and (c) Estimated total to be paid by November 27. 2036. is $154,814.38. (SallieMae Loan Information as of 10/19/2006.

## Part II – Specific False Claims and Fraudulent Statements

43.    (a) **Program Participation Agreement** (PPA): Upon information and belief, Defendant Walden University, Inc. is a signatory to the PPA with the Secretary of the United States Department of Education. The execution of this Agreement. between Walden University, Inc. and the Secretary is a prerequisite to the Institution's initial or continued participation in any Title IV / HEA Program.

44.    The postsecondary educational institution (Defendants Walden University, Inc. and Laureate Education, Inc.) listed above, referred to hereafter as the "Institution," and the United States Secretary of Education, referred to hereafter as the "Secretary," agree that the Institution may participate in those student financial assistance programs authorized by Title IV of the Higher Education Act of 1965, as amended (Title IV, HEA Programs) indicated under this Agreement and further agrees that such participation is subject to the terms and conditions set forth in this Agreement.

45.    (b) **Scope of Coverage**: This agreement applies to defendants' academic programs as stated on the most current ELIGIBILITY AND CERTIFICATION APPROVAL REPORT issued by the Department. This Agreement covers the defendants' eligibility to participate in each of the following listed Title IV, HEA programs, and incorporates by reference the regulations cited:

> (a) Federal Pell Grant Program. 20 U.S.C. §1070a et seq; 34 CFR Part 690;
> (b) Federal Family Education Loan Program. 20 U.S.C. §1071 et seq; 34 CFR Part 682;
> (c) Federal Direct Student Loan Program. 20 U.S.C. §1087a et seq; 34 CFR Part 685;
> (d) Federal Perkins Loan Program. 20 U.S.C. §1087aa et seq; 34 CFR Part 674, and;

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 11 of 21

(e) Federal Supplement Opportunity Grant Program. 20 U.S.C. §1070b et seq; 34 CFR Part 675; and,

(f) Federal Work-Study Program, 42 U.S.C. § 2751 et seq; 34 CFR Part 675.

46.     Upon information and belief, the Defendants understands and agrees that it is subject to and will comply with the program statutes and implementing regulations for institutional eligibility as set forth in 34 CFR Part 600 and for each Title IV, HEA program in which it participates, as well as the general provisions set forth in Title IV/HEA, and the Student Assistance General Provisions or regulations.

47.     Upon information and belief, the defendants agrees to comply (in relevant parts) with ---- (a) Title VI of the Civil Rights Act of 1964, as amended, and the implementing regulations, 34 CFR Parts 100 and 101 (barring discrimination on the basis of race, color or national origin).

48.     (c) **Provisions of 34 CFR 668**: Upon information and belief, the defendants by entering into this Program Participation Agreement, the defendants agree that; It will comply with all statutory provisions of or applicable to Title IV of the HEA, all applicable regulatory provisions prescribed under that statutory authority.

49.     Defendant Walden University, Inc. filed claims and provided false statements or submitted fraudulent certifications --in order to receive federal financial student aid loans (funded by the United States Department of Education).

50.     Specifically, Defendants filed false certifications, claims, or requests for disbursements of federal financial aid funds on behalf of Plaintiff/Relator Dahlstrom (and others) and funds were paid out to Walden University, Inc. despite Plaintiff/Relator Dahlstrom's failing to comply with the Defendants own Satisfactory Academic Progress pursuant to 20 U.S.C. § 1091(a)(2) and 34 C.F.R. § 668.7(a)(5).

51.     Specifically, Defendants illegally and with intent to defraud the federal government did not comply with the PPA and/or other SAP requirements --by compelling their personnel (student enrollment counselors, academic advisors, professors, faculty mentors and other staffs) to artificially delay or permit minority students from aggressively completing their doctorates.

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 12 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

52.     Further, Walden University established a "pattern and practice" to defraud federal financial aid recipients and the United States Government of federal funds in order to focus on their financial bottom line, while all along professing to come to the aid of minority students --who have been historically disenfranchised from the halls of higher education.

53.     Specifically, Walden University claims it is dedicated to the recruitment, retention, and graduation of minority students, --instead of accomplishing their stated vision, mission or goals, a higher percentage of minority students do not graduate --thus swelling the roles of burgeoning class of defaulters of government backed United States Department of Education student loan programs.

54.     The above scheme constitutes knowing and fraudulent acts by Defendants and its responsible agents and officers to obtain money from the United States for educational funds not actually earned is a fraud on the United States.

55.     However, according to a former-Caucasian doctoral student, Marcia Watkins, Ph.D., she earned her PhD from Walden University in less-than-two years (1995-1997), establishing at the very least that Walden University applied different SAP-standards, graduation requirements and other academic requirements for white students --than their counter-part minority students who were left with an empty promise to earn their doctorates.

56.     Plaintiff/Relator Dahlstrom has direct and independent personal knowledge of the fraudulent scheme outlined herein.

57.     Plaintiff/Relator Dahlstrom is ready, willing and able to assist the United States in prosecution of this action.

58.     Plaintiff/Relator Dahlstrom is ready, willing and able to prosecute this action on behalf of the United States if the Attorney General elects not to proceed.

59.     (d) **Applicable Law**: Defendants have violated 31 U.S.C. § 3729, pertaining to false claims against the United States, by:

> (a) Knowingly presenting, or causing to be presented, these false or fraudulent claims for payment or approval;
> (b) Knowingly making, using, or causing to be made or used, false records or statements to get these false or fraudulent claims paid or approved; and

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

1

2

(c) Conspiring to defraud the United States by getting these false or fraudulent claims allowed or paid;

3    60.    Defendants are liable to the United States for the following civil penalties and

4    damages:

5

6

(a) A civil penalty of at least $5,000, but not more than $10,000, for each and every fraudulent act performed in furtherance of this fraudulent scheme; and

7

(b) Three times the amount of loss sustained by the United States because of this fraudulent scheme.

8

9

(c) The normal six year statute of limitations under 31 U.S.C. § 3731(b) should be extended to ten years since defendants have concealed these fraudulent acts from the United States and its responsible officials.

10    61.    Under 31 U.S.C. § 3730(d), Plaintiff-Relator Dahlstrom should personally

11    receive a percentage of any proceeds from this action or settlement of these claims:

12

13

(a) At least 15 percent, but not more than 25 percent, of total recovery if the Attorney General elects to proceed with the prosecution of this action;

14

15

(b) At least 25 percent, but not more than 50 percent, of total recovery if the Attorney General does not elect to proceed with the prosecution of this action;

16

17

(c) In either event, all reasonable attorneys' fees, costs or expenses incurred in this action.

18    62.    Under 31 U.S.C. § 3730(b)(2), this complaint must be filed in camera and

19    remain under seal for at least sixty days. This complaint must not be served upon the

20    defendants until the Court so orders.

21

22

## VI.    RESERVATION OF RELATION BACK RIGHTS

23    63.    Plaintiff-Relator Dahlstrom makes these designations of cases of action based

24    on information currently available. If additional discovery demonstrates that claims should be

25    dismissed as to one or more parties, plaintiff-relator will do so. Similarly, plaintiff reserves

26

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 14 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

1   the right to seek to amend these designations in the event additional discovery shows that the
2   other parties' conduct give rise to certain causes of action not currently pled against them. In
3   such event, he reserves the right to seek to relate back such designation.

4   ## VII.    INCORPORATION OF ALLEGATIONS
5

6       64.    All of the allegations in each of the foregoing paragraph are incorporated by
7   reference into each of the following claims for relief as if fully set forth in each such claim.

8   ## VIII.    COUNTS
9

10  ### FIRST CAUSE OF ACTION
    ### (False Claims Act: Presentation of False Claims)
11  ### (31 U.S.C. § 3729(a)(1))

12      65.    Defendants knowingly presented or caused to be presented false or fraudulent
13  certifications, invoices, or claims for payment or approval to the student loan guaranty
14  agency (pursuant to Federal Family Loan Program, 20 U.S.C. § 1071 et seq., ) and/or to the
15  United States Department of Education. By the virtue of the false or fraudulent claims made
16  by the defendants, the United States suffered damages and therefore is entitled to multiple
17  damages under the False Claims Act, to be determined at trial, plus a civil penalty of $5,000
    to 10,000 for each violation.
18

19  ### SECOND CAUSE OF ACTION
    ### (False Claims Act: Making or Using False Record or Statement)
20  ### (31 U.S.C. § 3729(a)(2))

21      66.    Defendants knowingly made, used, or caused to be made or used, false records
22  or statements to get false or fraudulent claims paid or approved (in excess of millions of
23  dollars from on or around June 1, 1997, and continuing) by the loan guaranty agency or the
24  United States. By virtue of the false records or statements made by the institutional
25  defendants, the United States suffered damages and therefore is entitled to multiple damages
26

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

1   under the False Claims Act. to be determined at trial. plus a civil penalty of $5.000 to

2   $10,000 for each violation.

### THIRD CAUSE OF ACTION
### (False Claims Act: Reverse False Claims)
### (31 U.S.C. § 3729(a)(7))

67.   Defendants knowingly made, used or caused to be made or used a false record
or statement to conceal, avoid or decrease an obligation to pay or transmit money or property
to the United States. By the virtue of the false records or statements made by the institutional
defendants, the United States suffered damages and therefore is entitled to multiple damages
under the False Claims Act, to be determined at trial, plus a civil penalty of $5.000 to $10,
000 for each violation.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

68.   This is a claim for the recovery of monies by which all defendants have been
unjustly enriched. By directly or indirectly obtaining Government funds to which they were
not entitled, institutional defendant were unjustly enriched and are liable to account and pay
such amounts, or the proceeds therefrom, which are to be determined at trial, to the United
States.

### FIFTH CAUSE OF ACTION
### (Payment by Mistake)

69.   This is a claim for the recovery of monies paid by the United States to the
defendants as a result of mistaken understandings of fact. The false claims which institutional
defendants submitted to the United States' agents were based upon mistakes or erroneous
understandings of material fact. The United States. acting in reasonable reliance on the
accuracy and truthfulness of the information contained in the claims, paid institutional
defendants certain sums of money to which they were not entitled, and institutional

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

1 | defendants are thus liable to account and pay such amounts, which are to be determined at
2 | trial, to the United States.

### SIXTH CAUSE OF ACTION
### (Disgorgement of Illegal Profits)

70.     By this claim, the plaintiff-relator, Dahlstrom on behalf of the United States requests a full accounting of all revenues (and interest thereon) and costs incurred by the United States Department of Education's programs as a result of all defendants' actions alleged herein, disgorgement of all profits obtained by defendants through the submission of request for reimbursement, in favor of the United States upon those profits.
All defendants made such false, fictitious or fraudulent statements, reports and claims to the United States to obtain illegal profits from the federal family student aid loan programs, and equity requires the disgorgement of such profits and their payments to the United States.

### SEVENTH CAUSE OF ACTION
### (Common Law Fraud)

71.     All institutional defendants made material and false representations in their filed requests for reimbursements with knowledge of their falsity or reckless disregard for their truth, with the intention that the Government acted in justifiable reliance upon institutional defendants' owned invoices at an inflated amount.
Had the true facts been known to plaintiff-relator, Dahlstrom, all defendants would not have received payment of the inflated amounts. By reason of its inflated payments, plaintiff-relator, Dahlstrom and the United States has been damaged in an as yet undetermined amount.

### EIGHTH CAUSE OF ACTION
### (Common Law Recoupment)

72.     This is a claim for common law recoupment, for the recovery of monies unlawfully paid by the United States to all defendants contrary to statute or regulation.

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 17 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

Plaintiff-Relator, Dahlstrom and the United States paid institutional defendants certain sums of money to which they were not entitled, and defendants are thus liable under the common law of recoupment to account and return such amounts, which are to be determined at trial, to the United States.

### NINTH CAUSE OF ACTION
### (Frustration of Federal Policy)

73.     All of the conduct referred to above, to wit, the illegal conduct in violation of the U.S. Department of Education rules or other applicable federal statutes not limited to:

- False Claims Act (FCA), 31 U.S.C. §§ 3729-33;
- The Debt Collection Act of 1982 (31 U.S.C § 3716);
- The Higher Education Act (20 U.S.C. § 1091), ("HEAA");
- The Social Security Act (42 U.S.C. § 407), as amended;
- The Debt Collection Improvement Act (1996) was enacted to amend the Debt Collection Act;
- The Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1070-1099; (See: 20 U.S.C. § 1078(c); 34 C.F.R. § 682.404);
- The Student Loan Default Prevention Initiative Act, Title III of the Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101-508, § 3004(a), 104 Stat. 1388-25, 1388-26(codified at 20 U.S.C. § 1085(a)(2),(3));
- The Debt Collection Act's offset provisions generally do not authorize the collection of claims (made become over 10 years old) prior to any payments ever being realized (see 31 U. S. C. § 3716(e)(1) and the Higher Education Technical Amendments, 105 Stat. 123), 20 U. S. C. §1091a(a)(2);
- Title VI of the Civil Rights Act of 1964, as amended; 42 U.S.C. §2000d and the implementing regulations, 34 CFR Parts 100 and 101; provides; (j) Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995).

### TENTH CAUSE OF ACTION
### (Fraud and Misrepresentation)

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 18 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

74.     Defendants has intentionally, recklessly, and/or negligently misrepresented that its "doctorate degrees have value." These misrepresentations had the intent, purpose and/or effect of being relied upon, and were in fact relied upon by people purchasing this academic product.

Eleventh

## ELEVENTH CAUSE OF ACTION
### (Race Discrimination in Federally Funded Programs
### Title VI of the Civil Rights Act of 1964 and 42 C.F.R. §§ 101 et seq.
### (Against Defendants)

75.     Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, provides: [N]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected discrimination under any program or activity receiving federal financial assistance.

76.     Federal regulations implementing Title VI prohibit federally funded programs or activities from having a racially discriminatory impact or effect. The regulations provide that no program receiving financial assistance through the U.S. Department of Education.

77.     Utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respects individuals of a particular race, color, or national origin.

78.     Defendants receive federal financial assistance from the United States Department of Education, and thus are bound to abide by the terms of Title IV and Title VI and its implementing regulations.

## PRAYER FOR RELIEF

WHEREFORE, the Relator, on behalf of himself and the United States of America, request that this Court grant the following relief:

(1)   That judgment against each named institutional and individual Defendants in an amount equal to three times the amount of damages the United States has sustained because of their ongoing violations of the FCA,

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

plus a civil penalty of $5,000 to $10,000 for each violation of 31 U.S.C. §
3729, and the costs of this action, with interest, including the costs of the
United States for its expenses related to this action;

  (2) That the Relator be awarded all costs incurred, including
reasonable attorneys' fees;

  (3) That in the event that the United States intervenes in this action,
the Relator be awarded 25%, but in no event less than 15%, of the proceeds
of the resulting judgment in or settlement of this action;

  (4) That in the event that the United States does not intervene in this
action, the Relator be awarded 30%, but in no event less than 25%, of the
proceeds of the resulting judgment in or settlement of this action;

  (5) That the Relator be awarded prejudgment interest; and

  (6) That the United States and the Relator receive all relief both at law
and at equity, as this Court determines is appropriate.

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, and Local Rules, United
States District Court, Western District of Washington, plaintiffs demand trial by jury
for all the issues plead herein so triable.

Respectfully submitted this 24th day, of October 2006.

PLAINTIFF/RELATOR

By: _____

RAJU A.T. DAHLSTROM, on behalf of
the UNITED STATES OF AMERICA, on
the relationship of RAJU A.T.
DAHLSTROM, and RAJU A.T.
DAHLSTROM, individually,

ADDRESS
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040
Electronic Mail: rajudahlstrom@comcast.net

**COMPLAINT**

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040

## CERTIFICATE OF SERVICE

This is to certify that I have this 23rd day, October 2006,

[ ] United States Postal Service – First Class Mail

[X] Hand delivered

[ ] Electronic Mail

A true and correct copy of the foregoing, Complaint and a "Written Disclosure Statement" filed under seal until further order of the Court, 31 U.S.C. §§ 3730(b)(2), and pursuant to Rule 4 of the Federal Rules of Civil Procedure.

ALBERTO R. GONZALES
Attorney General of the United States of America

c/o:

JOHN McKAY, JD,
United States Attorney
United States Attorney's Office
Western District of Washington
Seattle Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: 206. 553.7970 / Facsimile: 206.553.0882
Electronic Mail: johnmckay@usdoj.gov

PLAINTIFF/RELATOR

By: _____
RAJU A.T. DAHLSTROM, on behalf of
the UNITED STATES OF AMERICA, on
the relationship of RAJU A.T.
DAHLSTROM, and RAJU A.T.
DAHLSTROM, individually,

**COMPLAINT**

6:15:51 AM
10/24/2006
Page 21 of 21

RAJU A.T. DAHLSTROM
1411 Eaglemont Place
Mount Vernon, Washington 98274-9619
Telephone: (360) 899-5555
Facsimile: (360) 899-5040